UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LESLIE R. DEAN,

                    Plaintiff,

          -v-                          5:24-CV-913

CITY OF OSWEGO; CODE
ENFORCEMENT DEPARTMENT; and
MATTHEW BRANCATO,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

LESLIE DEAN
Plaintiff, Pro Se
886 U.S. Route 11, Lot 10
Central Square, NY 13036

SUGARMAN LAW FIRM LLP           ADAM P. CAREY, ESQ.
Attorneys for Defendants
211 W. Jefferson St
Syracuse, NY 13202

DAVID N. HURD
United States District Judge


### ORDER ON REPORT & RECOMMENDATION

On July 24, 2024, plaintiff Leslie R. Dean ("plaintiff"), acting *pro se*,

commenced this action pursuant to 42 U.S.C. § 1983 ("§ 1983") alleging

violations of his Fourth, Fifth, and Fourteenth Amendment rights against the City of Oswego ("City of Oswego") and Matthew Brancato ("Brancato") (collectively "defendants").[1]  Dkt. No. 1.  Thereafter, defendants appeared and filed their respective answers.  Dkt. Nos. 6, 10, 11.  On October 22, 2024, plaintiff filed an amended complaint.  Dkt. No. 13.  On January 23, 2025, a Rule 16 conference was held, where U.S. Magistrate Judge Mitchell J. Katz issued a pretrial scheduling order setting forth, *inter alia*, a March 3, 2025 deadline for joinder of parties and filing amended pleadings.[2]  Dkt. Nos. 18–19.

However, plaintiff did not file an amended pleading.  *See* Dkt. Nos. 19, 22. On March 10, 2025, plaintiff filed a letter seeking a continuance citing his poor health, and Judge Katz extended plaintiff's deadline for joinder of parties and to file any amended pleadings to April 11, 2025.  Dkt. Nos. 23, 24. When plaintiff again did not file an amended pleading, defendants requested a conference with Judge Katz.  Dkt. No. 25.  A conference was held on May 5, 2025, where defendants informed Judge Katz that plaintiff had died.  Dkt.

---

[1]  Plaintiff initially filed his complaint against both the City of Oswego and the Code Enforcement Department.  *See e.g.*, Dkt. No. 1.  But the Code Enforcement Department is not a separate party and is properly reflected here as City of Oswego.  Dkt. No. 10.

[2]  While Judge Katz initially accepted plaintiff's amended complaint as the operative pleading and set a January 31, 2025 deadline for defendants to reply, Dkt. No. 18, he extended plaintiff's deadline to amend to March 3, 2025 following the January 23, 2025 Rule 16 conference.  Dkt. No. 19.

No. 27.  On June 18, 2025, defendants confirmed the validity of plaintiff's death.  Dkt. No. 28.

On June 20, 2025, Judge Katz ordered that, pursuant to Federal Rule of Civil Procedure 25, a motion to substitute an estate representative as plaintiff be filed by September 18, 2025.  Dkt. Nos. 28–29; *see also* FED. R. CIV. P. 25.  But this deadline came and went without the filing of a Rule 25 motions, and defendants filed a letter requesting dismissal.  Dkt. No. 30.  On October 1, 2025, Judge Katz issued a Report & Recommendation ("R&R") advising that plaintiff's complaint should be dismissed without prejudice as no estate representative has been substituted in as plaintiff.  Dkt. No. 31.

Neither party has lodged an objection, and the time do so has passed. Upon review for clear error, Judge Katz's R&R will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 31) is ACCEPTED; and

2.  Plaintiff's Amended Complaint (Dkt. No. 13) is DISMISSED without prejudice;

The Clerk of the Court is directed to terminate the pending motion and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  October 29, 2025
        Utica, New York.